**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Richard Knapp**, <br><br> Plaintiff, <br><br> vs. <br><br> **All Over Towing Incorporated,** an Arizona Corporation, **Thomas J. DiMarco, Sr. and Jane Doe DiMarco**, a married couple, **Dawn DiMarco and John Doe DiMarco,** a married couple, and **Joseph DiMarco Sr. and Jane Doe DiMarco II**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Richard Knapp ("Plaintiff" or "Richard Knapp"), sues the Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II ("Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards

-1-

Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, All Over Towing Incorporated was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant All Over Towing Incorporated does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant All Over Towing Incorporated owned and operated as "Quick Pik All Over Towing," a vehicle towing and repossession company located at 1966 E. Deer Valley Road, Phoenix, AZ 85024.

10. Under the FLSA, Defendant All Over Towing Incorporated is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant All Over Towing Incorporated had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of All Over Towing

Incorporated in relation to the company's employees, Defendant All Over Towing Incorporated is subject to liability under the FLSA.

11. Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Thomas J. DiMarco Sr. and Jane Doe DiMarco are owners of All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of All Over Towing Incorporated in relation to the company's employees, Defendants Thomas J. DiMarco Sr. and Jane Doe DiMarco are subject to individual liability under the FLSA.

13. Defendants Dawn DiMarco and John Doe DiMarco are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Dawn

DiMarco and John Doe DiMarco are owners of All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Dawn DiMarco and John Doe DiMarco are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Dawn DiMarco and John Doe DiMarco had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of All Over Towing Incorporated in relation to the company's employees, Defendants Dawn DiMarco and John Doe DiMarco are subject to individual liability under the FLSA.

15. Defendants Joseph DiMarco and Jane Doe DiMarco II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Joseph DiMarco and Jane Doe DiMarco II are owners of All Over Towing Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Joseph DiMarco and Jane Doe DiMarco II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Joseph DiMarco and Jane Doe DiMarco II had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of All Over Towing Incorporated in relation to the company's employees, Defendants Joseph DiMarco and Jane Doe DiMarco II are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II.

22. At all relevant times, Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II.

24. At all relevant times, Plaintiff was an "employee" of Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants All Over Towing Incorporated, Thomas J. DiMarco Sr. and Jane Doe DiMarco, Dawn DiMarco and John Doe DiMarco, and Joseph DiMarco Sr. and Jane Doe DiMarco II were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31. Defendants own and/or operate as Quick Pik All Over Towing, an enterprise located in Maricopa County, Arizona.

32. All Over Towing Incorporated is a vehicle towing and repossession company located in Phoenix, Arizona.

33. Plaintiff was hired by Defendants in approximately January 2014.

34. At all relevant times, Plaintiff worked for Defendants until approximately February 2020.

35. At all relevant times, in his work for Defendants, Plaintiff worked as a tow-truck driver for Defendants.

36. In his work for Defendants, Plaintiff performed non-exempt manual, unskilled labor, all of which was related to vehicle towing and repossession. Such work included, but was not limited to, towing vehicles to and from Defendants' holding facility, shops, customers' homes, or body shops.

37. Defendants, in their sole discretion, paid Plaintiff $180 per day.

38. Plaintiff typically worked between 50 and 60 hours per week.

39. Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work for Defendants.

40. As a result of not having paid any wage whatsoever to Plaintiff during his final week of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work for Defendants, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work for Defendants, Defendant violated the AMWA, A.R.S. § 23-363.

43. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for his final week of work for Defendants, Defendants violated the AMA, A.R.S., § 23-351.

44. Plaintiff was a non-exempt employee.

45. At all relevant times, Defendants also failed to properly compensate Plaintiff at the applicable minimum wage for many of his hours worked for Defendants.

46. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

48. Plaintiff is a covered employee within the meaning of the FLSA.

49. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

55. As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

56. Defendants' practice of willfully and improperly refused to pay Plaintiff his paycheck for his final week of work, 29 U.S.C. § 206(a).

57. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Richard Knapp, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Defendants willfully and improperly refused to pay Plaintiff his paycheck for his final week of work.

60.     As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

61.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

62.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Richard Knapp, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

        i.        Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

        ii.       Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final week of his employment.

65.    Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

66. Plaintiff is therefore entitled to compensation for the full applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Richard Knapp, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 19th day of June, 2020.

          BENDAU & BENDAU PLLC

          By: /s/ *Christopher J. Bendau*
          Clifford P. Bendau, II
          Christopher J. Bendau
          *Attorneys for Plaintiff*